Grant.
3g 164
136 866

# Davenport et al. *versus* Harris et al.

Future estates limited upon a life estate which are not sure to take effect in possession within twenty-one years, and the usual fraction after the determination of the life estate, are void in their creation.

CERTIFICATE from the Court of Nisi Prius. Amicable action in partition. The parties were as follows:—

Charles H. Davenport, William B. Potts and Catharine S. his wife, in right of said Catharine, Stephen Kimball and Mary C. his wife, in right of said Mary, Edmund R. Davenport by his guardian, Daniel W. Neff, and the said Stephen Kimball, Trustee of said Catharine, Charles, and Mary for their lives.

VERSUS

Caroline D. Harris and John Harris, Trustee of said Caroline.

CASE STATED.

"Catharine Hollingshead, dec'd, seized of twenty-three distinct pieces of real estate with the appurtenances, having made

her last will and testament, duly proved December 7, 1813, and filed in the Register's Office in Philadelphia.

"The testator's only child, Elizabeth Sober Davenport, survived her mother and died in 1831, intestate, leaving issue, Catharine S., Samuel and William Davenport (the three children named in said will), and also Charles H. Davenport, Mary C. Kimball, James M. Davenport, and Caroline D. Harris, of whom said Mary and Charles were born after the decease of said testatrix.

"The said Samuel and William Davenport attained twenty-one years, and died intestate, unmarried and without issue, the former in the year 1852, and the latter at or before the year 1831, not having been heard from for seven years prior to that time—and James M. Davenport attained twenty-one years, and afterwards died intestate, in 1838, leaving as his only issue the above-named Edmund R. Davenport, born in 1835, and a widow, Elizabeth, now the wife of Charles Williams.

"The said Caroline D. Harris, with her then husband J. Walter Harris (from whom she has since been divorced a vinculo matrimonii), by deed of 9th of May, 1843, recorded in Deed Book R. L.L., No. 22, p. 668, conveyed all her share, estate, right, title and interest of and in all the real estate of Catharine Hollingshead, unto John W. Harris, in fee, in trust, for the sole and separate use of said Caroline during her natural life, and at her death, if her husband should then be alive, for his use during life, and then to the use of the said Caroline, in equal shares in fee, and, for want of children, to her right heirs according to law.

"All the said children of said Elizabeth S. Davenport, who survive, have attained the age of twenty-one years.

"All the trustees named in the will of Catharine Hollingshead having died, Stephen Kimball is the present trustee by appointment.

"The question submitted is, what shares and for what estates the parties of this action are entitled to the said premises under the will of said testatrix, or otherwise, according to said facts, and according to the opinion of the court, is judgment to be entered for the demandants and defendants respectively and partition awarded."

Plaintiffs claimed in their declaration that the estate should be parted and allotted in the manner decreed by the court as hereinafter appears.

In her will Catharine Hollingshead devised the rest and residue of her estate to Benjamin Say, Peter Brown, John Hart, and Stephen Simmons, in trust for her daughter, Elizabeth Sober Davenport, "and to pay over the rents, issues, profits, interest and income thereof as aforesaid unto her, my

[Davenport et al. *v.* Harris et al.]

said daughter, Elizabeth, for her own private and separate use and benefit during all the term of her natural life, in manner aforesaid, and from and immediately after the death of my said daughter Elizabeth, then in trust that they, my said trustees and the survivors and survivor of them, and the heirs, executors and administrators of such survivor, shall apply the said rents, issues, profits, interest and income of my said residuary, real and personal estate to the maintenance, support and education of my three grandchildren, the said Catharine Sober Davenport, and Samuel Davenport, and William Davenport, Jr., the three children of the aforesaid William Davenport and my daughter, Elizabeth, his wife, and of all and every other the child and children of her, my said daughter Elizabeth, hereafter to be born, during their respective minorities, that is to say, the boys until they respectively attain the age of twenty-one years, and the girls until they respectively attain the age of eighteen years, and from and immediately after the death of my said daughter Elizabeth, and after her children born and to be born shall have attained, that is to say, the boys twenty-one, and the girls eighteen years of age, then, my said trustees and the survivors and survivor of them, and the heirs, executors and administrators of such survivor, shall pay over the said rents, issues, profits, interest and income of my said residuary estates, real and personal, unto my said three grandchildren, Catharine Sober Davenport, Samuel Davenport and William Davenport, Jr., the three children of the aforesaid William Davenport and my daughter, Elizabeth, his wife, and unto all and every other the child and children of her, my said daughter Elizabeth, hereafter to be born, in equal shares so that each child shall, during his or her natural life, be entitled to have and receive his and her respective equal shares thereof, upon and after attaining his or her age aforesaid, for and during all the term of her natural life, as aforesaid ; and if either of the children of my said daughter, Elizabeth, born and to be born, should depart this life, the share of him or her dying, shall go and be paid to, and be equally divided amongst the surviving child and children of my said daughter, Elizabeth, born and to be born, part and share alike, during their respective natural lives, and to the survivor of the children of my said daughter Elizabeth, born and to be born, during all the then remainder of his or her natural life, and from and immediately after the death of my said daughter Elizabeth, and also from and immediately after the death of all and every one of the children of my said daughter, Elizabeth, born and to be born, then as, for, and concerning all my said residuary estate, personal and mixed, and all the then unapplied rents, issues, profits, interest and income thereof.  In trust to, and

[Davenport et al. *v.* Harris et al.]

for the only proper use, benefit, and behoof of all and every the grandchild and grandchildren of the said Elizabeth, that may hereafter be born, and his or their several and respective heirs, executors, administrators and assigns forever, and if there should be more than one, then equally to be divided between them, part and share alike, as tenants in common and not as joint tenants. But if either of such grandchild or grandchildren of my said daughter Elizabeth, should be then dead, leaving lawful issue, such issue shall take and inherit in fee simple if one person solely, and if several persons, as tenants in common, in equal parts, such share only as by his, her, or their deceased parent would have been taken if such parent had been then living, and for want of a child or children, grandchild or grandchildren of my daughter Elizabeth, and also for want of the lawful issue of a child or children, grandchild or grandchildren of my said daughter Elizabeth, then from and after the death of my said daughter Elizabeth, in trust as to, for, and concerning all my said residuary estate, real and personal, to and for the only proper use, benefit and behoof of Rebecca Knox and Sarah Rice, daughters of Thomas Rice and Penelope, his wife, deceased, and my aunts, Rebecca Judah and Catharine Havard, their several and respective heirs, executors, administrators and assigns forever, to be equally divided between them, part and share alike, tenants in common, and not as joint tenants."

The court, LEWIS, J., entered the following judgment:—

"And now, November 27, 1854, the court being of opinion that, under the provisions of the will of Catharine Hollingshead, deceased, and the mutations of title that have taken place by death and otherwise, as set forth in the case stated, filed in this case, the real estate described in the declaration should be parted and divided in equal fifth parts, in the way and manner set forth in said declaration, do order and direct judgment to be entered in favor of the plaintiffs, *quod partitio fiat*, in the following shares or proportions, viz: Charles H. Davenport and his heirs, one equal fifth part in severalty; William B. Potts and Catharine, his wife, in right of said Catharine, and to her heirs, another equal fifth part in severalty; Stephen Kimball and Mary C., his wife, in right of said Mary C., and to her heirs, one equal fifth part in severalty; Edmund R. Davenport and his heirs, one equal fifth part in severalty; and Caroline D. Harris and her trustee, John W. Harris, and their heirs, the other equal fifth part thereof in severalty.

"Let judgment be entered as above."

The entry of the judgment was the error complained of.

*Eli K. Price,* for plaintiffs.

[Davenport et al. *v.* Harris et al.]

1. It is submitted, in behalf of Edward R. Davenport, that all the limitations to take effect after the minority of the children of testatrix's daughter, Elizabeth Sober Davenport, are too remote, obnoxious as perpetuities, and void; and that the reversion descended on Elizabeth S. Davenport in fee, and by descent, is now vested in equal fifth shares, in fee, among the children living and grandchild of said Elizabeth S. Davenport, parties to this suit.

2. It is submitted, in behalf of Stephen Kimball, the present trustee, under the will for the children of Elizabeth S. Davenport, that the limitation to take effect upon and after her children attain the ages—males of twenty-one, and females eighteen years, is within time, and that, as representing the survivors, Charles, Catharine, Mary, and Caroline, he claims not only their original seventh parts, but the whole by survivorship, making equal fourth shares for their lives with survivorship to the last of them, in exclusion of any share to Edward R. Davenport. *Gee* v. *Audley*, 1 Cox, 324; *Leak* v. *Robinson*, 1 Moore, 362; *Vawdry* v. *Giddes*, 1 Rus. & Myl. 203; *Judd* v. *Judd*, 1 Sim. 525.

*H. C. Townsend*, for defendants, cited *Ayton* v. *Ayton*, 1 Cox Ch. Cas. 326; *Crane* v. *O'Niell*, 1 Ball & Beatty, 459; *Singleton* v. *Gilbert*, 1 Cox, 68; *Baldwin* v. *Carver*, Cowp. 309; *Ellison* v. *Airey*, 1 Ves. 111; *Thelusson* v. *Woodford*, 1 Ves. 325; *Rapp* v. *Rapp*, 6 Barr, 49.

The opinion of the court was delivered March 12, 1855, by

LOWRIE, J.—The principal estate granted by Mrs. Hollingshead's will, not being an estate tail, but only a life estate, the future estates limited thereon, which were not sure to take effect in possession within twenty-one years, and the usual fraction after the determination of the life estate, were void in their creation; and such is the character of the estates attempted to be created in favor of the grandchildren of the tenant for life.

It follows that the reversion, after the estates that were well created, vested in the heir at law of Mrs. Hollingshead, who was also the devisee for life, and when she died it descended to her children, who are the next devisees for life, and as their life estates became also vested in possession at the same time, they then became the owners of the fee simple.

The formality of the trust does not effect this result, for there is nothing in the devises to Mrs. Davenport's children that prevents the statute from executing the estate. The decree of partition is founded on these principles, and is right.

Judgment affirmed.