*Wills—Construction—Perpetuities—Limitation on alienation.*

1. Where a contingent gift, not charitable in its nature, does not depend upon surviving a life or lives in being, but solely on living at the expiration of an absolute term of years, in excess of twenty-one, with necessary allowances for gestation, it violates the rule against perpetuities, and is void.

2. Any limitations or conditions in a gift, not charitable in its nature, which may take away or suspend the absolute power of alienation of property, beyond a life or lives in being, and twenty-one years thereafter, with necessary allowances for gestation, is a perpetuity and void.

3. All such attempted gifts are void if, when judged as of the date when the instrument creating them went into effect, they may, by any possibility, offend against the rule.

*Vendor and vendee—Action for purchase price of real estate.*

4. In an action to recover the purchase price of real estate, all interests should be represented, whether vested or contingent; but a defendant may waive objection upon this ground, and submit his case solely on other points.

*Appeals—Questions not considered in the court below—Waiver.*

5. On appeal, only such matters will be considered by the appellate court as were insisted on in the court below; all others, though they might have been urged there, will be treated as waived.

*Appeals—Statement of questions involved.*

6. In the appellate court, no point need be considered unless it is set forth in or necessarily suggested by the statement of the question involved; nor will it be, where to relax the rule would result in injustice to appellee, and the judgment, order or decree appealed from is so clearly correct as to admit of no possible doubt.

*Sales of real estate—Parties—Persons unborn—Revised Price Act of June 7, 1917, P. L. 388.*

7. The Revised Price Act of June 7, 1917, P. L. 388, provides a method for the sale of real estate in cases where persons, born or unborn, have or may have an interest therein.

320    LINCK et al. *v.* PLANKENHORN, Appellant.

Argued April 13, 1926.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 5, Jan. T., 1927, by defendant, from order of C. P. Lycoming Co., June T., 1925, No. 265, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Edgar B. Linck et al. v. F. E. Plankenhorn.    Affirmed.

Assumpsit for balance of purchase-money of real estate.

Rule for judgment for want of sufficient affidavit of defense.    Before WHITEHEAD, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute for $195,000.    Defendant appealed.

*Error assigned* was judgment, quoting record.

*Mortimer C. Rhone,* for appellant, cited; McClure's App., 72 Pa. 414; Letchworth's App., 30 Pa. 175; Lilley's Est., 272 Pa. 143; Manderson v. Lukens, 23 Pa. 31.

*Max L. Mitchell,* with him *Otto G. Kaupp,* for appellees, cited: Smith v. Townsend, 32 Pa. 434; Phila. v. Girard's Heirs, 45 Pa. 9; Johnston's Est., 185 Pa. 179; Lilley's Est., 272 Pa. 143; Schuldt v. Trust Co., 270 Pa. 360.

OPINION BY MR. JUSTICE SIMPSON, May 3, 1926:

Defendant appeals from a judgment against him, in a suit to recover, inter alia, the balance of the purchase price of certain real estate in the City of Williamsport, known as the Linck Block, which he had, in writing, agreed to buy.

Plaintiffs allege their title is derived from two sources: (1) Through Jacob H. Linck, who owned the property at the time of his death; and (2) Through a sheriff's sale on foreclosure of a mortgage, which was a lien on

it when he died.   The statement of questions involved asks us to decide only two points: "Whether the fourth paragraph of the will of Jacob H. Linck violates the rule against perpetuities in force in Pennsylvania"; and, in case it does not, whether a marketable title was obtained by the sheriff's sale.   Since we are clear the rule is violated, we need not consider the alternative question suggested.

That paragraph is as follows: "Fourth. I give, devise and bequeath unto my said four children, Edgar B. Linck, Charles V. Linck, James G. Linck and Nellie L. Linck, and to the survivor or survivors of them in equal proportions, all the rents, issues and profits whatsoever arising from and out of all that certain property...... known as the Linck Block, for the period of thirty-five years from the day of the date of my decease.   During said period of thirty-five years I hereby will and direct that the said property known as the Linck Block shall not be sold, mortgaged or encumbered in any form or manner whatsoever.   At the determination of the said period of thirty-five years, provided at that time there shall be no living issue of any of my said children, I give, devise and bequeath all the said property known as the Linck Block unto the said Edgar B. Linck, Charles V. Linck, James G. Linck and Nellie L. Linck,......their heirs and assigns absolutely in fee simple forever; provided however, that if, at the termination of the period of thirty-five years as aforesaid, there shall be living lawful issue of any or all of my said children, then and in that case I give, devise and bequeath all the said property known as the Linck Block unto the said lawful issue as aforesaid, of all or any of my said children...... absolutely in fee simple forever."

By later provisions of the will, the residue of the estate is given absolutely to the same four children, expressly "excepting, however, the provisions made herein with respect to the property known as the Linck Block." They were also the only heirs at law of testator.   Hence,

they had, under the will, an estate for thirty-five years, and an absolute remainder in fee, either by virtue of the residuary clause of the will, or (subject to the dower interest of the widow, who is also a plaintiff), under the intestate laws, if the gifts over, after the expiration of that period, were void, because offending the rule against perpetuities. Subsequently Nellie L. Linck conveyed all her interest in the property to two of the plaintiffs.

Neither argument nor authority should be needed for the purpose of showing that to sustain the will would result in violating that rule. We said in Ledwith v. Hurst, 284 Pa. 94, 97-8: "It is so much for the public good that the transfer of property should not be unduly hampered, that long ago the rule against perpetuities was established, which forbids the tying up of property for a longer period than a life or lives in being and twenty-one years thereafter (plus in some instances the period of gestation). Under this rule, a contingent estate to be valid must vest within the time above stated from the date of its creation. Moreover, the question as to whether the rule has been violated depends upon conditions as they existed at the death of the testator (21 R. C. L. p. 294) and as to what *may* happen; where the estate may not vest within the required time the rule is transgressed: Coggins's App., 124 Pa. 10; Lawrence's Est., 136 Pa. 354; Donohue v. McNickel, 61 Pa. 73. If the provision in the will is such that the title to the property may be kept in abeyance and not vest for a longer period than permitted by law, the bequest is void: Davenport et al. v. Harris et al., 3 Grant 164. 'No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest': Gray on Perpetuities, section 201."

We also said in Johnston's Estate, 185 Pa. 179, 184, "that where the testator fails to avail himself of lives in being, and adopts a term of years, without reference to any life in being, the term cannot extend beyond

twenty-one years from his death. 'If an absolute term is taken, and no anterior term for a life in being is referred to, such absolute term cannot be longer than twenty-one years' "; and in Lilley's Estate, 272 Pa. 143, 148: "A perpetuity is any limitation or condition which may take away or suspend the absolute power of alienation for a period beyond life or lives in being and twenty-one years thereafter. If there is a possibility that a violation of this rule may happen, the devise is void. It is said if the persons to take may possibly not be ascertained before, or the contingency may happen after, the expiration of a life or lives in being at the creation of the interest and for twenty-one years, and possibly nine months......[thereafter, with an] exception as to charities: Act of May 9, 1889, P. L. 173."

The application of these principles to the present will makes the conclusion exceedingly plain. Testator's attempted limitation is for an absolute term of thirty-five years, without referring to any life or lives in being, and hence the remainder over is void under Johnston's Estate, supra; especially as, during that absolute term, he forbids alienation, mortgaging or otherwise encumbering the property: Lilley's Estate, supra. Moreover, he says that "At the determination of the said period of thirty-five years, provided *at that time* there shall be no living issue of any of my said children," the children themselves are to get the property in fee simple, but "if, at the termination of the period of thirty-five years as aforesaid, there shall be *living* lawful issue of any or all of my said children, then in that case" the property is given to such issue in fee. Those who are to take, if that provision is valid, cannot possibly be known until "the termination of the period of thirty-five years." Issue may be born to the children at any time during that term, and some of them, but it is not known who, if any, may survive to the end of the thirty-five years.

In his affidavit of defense, appellant averred that the said Nellie L. Linck had a daughter living, who would

be entitled to an interest in the property, if the gift over was valid and she survived until the expiration of the thirty-five-year period. He therefore suggested that a guardian for her possible interest should be appointed and made a party to the proceeding. It is also clear, though defendant did not allege that they too should be represented, that issue hereafter born to any of testator's children, within that period, may, subject to the same contingencies, also have such an interest. If the objection stated had been insisted on in the court below, there would have arisen a duty to stay the proceedings until representatives of all such interests had been made parties to the record, and given an opportunity to be heard: Hebron v. Magda, 280 Pa. 508; Hoffeditz v. Bosserman, 282 Pa. 570.

The point was not insisted on, however. Defendant said, in his brief below, that "if the court shall decide that the will of Jacob H. Linck, so far as pertains to the disposition of the Linck Block under the fourth paragraph of the will, violates the rule against perpetuities, and is, therefore, null and void, it will be unnecessary to consider the effect of the sheriff's sale above referred to," which otherwise would have had to be considered, if that tribunal had been of opinion, under the will alone, that plaintiffs could not recover until representatives of those possible remaindermen, born and unborn, were made parties to the proceeding. We cannot hold that the court below erred in not considering an objection which appellant stipulated, at least indirectly, it need not consider: Armstrong & Latta v. Philadelphia, 249 Pa. 39; Weiskercher v. Connelly, 256 Pa. 387. If the objection had been there pressed, plaintiffs could readily have met the difficulty, and successfully overcome it, possibly by discontinuing the present suit, and beginning a new one in equity, raising therein, by due process, representatives of all such interests; and certainly could have done so by proceedings under the Revised Price Act of June 7, 1917, P. L. 388, section 2 (b) of which provides

for just such a situation. Hence, if the objection had been urged below, and had been there sustained, much unnecessary delay and expense would have been avoided, both of which plaintiffs must suffer if we allow it to be renewed here. Possibly this fact alone should prevent our considering the objection at this time.

Moreover, as shown by the foregoing citation of the statement of the questions involved, this matter is neither raised in nor suggested by them. Rule 30 of this court says that "ordinarily no point will be considered [by us] which is not set forth in or necessarily suggested by" them, and that "This rule is to be considered in the highest degree mandatory, admitting of no exception." We have often called attention to its importance, and enforced it (see Kennedy v. Rothrock Co., 261 Pa. 580; Lenox Coal Co. v. Duncan-Spangler Coal Co., 265 Pa. 572; Singer v. Pilton, 282 Pa. 243), and probably always will where, as here, to relax it would result in injustice to appellee (Southmont Borough v. Upper Yoder Township, 284 Pa. 287), and where, also, the judgment, order or decree appealed from, is so clearly correct as to admit of no possible doubt.

The judgment of the court below is affirmed.