Mikaloff Estate.

Argued October 5, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and MCBRIDE, JJ.

reargument refused June 3, 1960.

*Patrick M. O'Donnell* and *Ralph J. McAllister*, with them *Parker, Evashwick & Brieger,* and *McAllister & McAllister,* for appellants.

*Dayne Shaw,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 22, 1960:

John T. Mikaloff died testate on September 1, 1928, survived by his widow, Emma, and by his five children of a previous marriage. In his will, after bequeathing to his widow an annuity, the testator directed that "the residue of my estate be invested for the period of thirty years, and the income therefrom paid quarterly and the principal at the end of thirty years, as follows: One-fifth thereof to my daughter, Mary Alice Gordon, and then to her two children, Clifford and Gladys; one-fifth thereof to my son, George F. Mikaloff; one-fifth thereof to my son, William Oscar Mikaloff; one-fifth

thereof to my daughter, Grace Elizabeth Jones; one-fifth thereof to my son, John P. Mikaloff, Jr.; and in the event of the death of any of my said children, then to their children respectively; if they leave no children surviving them, respectively, then to the other residuaries."

The thirty year period designated in the residuary clause has expired, and we are called upon to determine what is the proper distribution of the principal of the estate. The two appellants here, one the heir-at-law and executrix of the estate of widow Emma, the other, the sole beneficiary and executrix of the estate of testator's son, William Oscar Mikaloff, who died within the thirty year term without leaving children, stand to gain only if the principal of the testator's estate should pass under the intestate laws. Their objection to a distribution under the will to Grace Elizabeth Mikaloff, the sole child of the testator to survive the thirty year term, and to the children of Mary, George and John, is on the ground that testator's attempted gift of the principal violates the rule against perpetuities.

The court below did not pass upon appellants' remoteness objection. The learned court found that a family agreement executed subsequent to the testator's death, in which the widow Emma and son William joined, estopped appellants in their representative capacities from contesting the validity of the will. Since we think it clear that no violation of the rule against perpetuities has occurred, it is unnecessary for us to pass upon the appellants' contention that they have the right to contest the validity of the residuary provision. For the purpose of these appeals, we assume appellants' present standing to object.

The rule against perpetuities is concerned with the vesting of estates. In its simplest expression, the rule commands that a future interest, to be valid, must vest

with absolute certainty within a life or lives-in-being at the creation of the interest and twenty-one years, Leach, Perpetuities in a Nutshell, 51 Harv. L. R. 638, 639 (1938); the rule is long-established that the court should construe an interest as vested whenever possible. *Bald Estate,* 385 Pa. 176, 122 A. 2d 294 (1956).

Ample authority exists for the proposition that where a testator gives a present gift of income from specific property with the principal thereof to be given over at a future time to the same taker, even where there is the possibility of divestment of either the income or principal prior to the time the principal is to be turned over, the taker takes an immediate vested interest in the principal. See *Reed's Appeal,* 118 Pa. 215, 11 Atl. 787 (1888); *Long's Estate,* 228 Pa. 594, 77 Atl. 924 (1910); *Harrar's Estate,* 244 Pa. 542, 91 Atl. 503 (1914). Indeed, the gift in the *Long* case is so similar in all particulars to the will before us that we need do nothing more than cite that decision in order to hold vested the gifts to the named children here. In *Long,* the testator ordered that the residue of his estate be held in trust for twenty years, during which time any surplus accumulations were to be divided into six equal shares and distributed to five named children and the children of a deceased child, "and if any of my children should die without leaving any descendants, before the expiration of twenty years after my decease, then such shares shall go to the other legatees share and share alike. . . . At the termination of twenty years the [trustee] shall sell said real and personal property and divide the same in six shares to be distributed as is provided with reference to income of same." The Court, after an exhaustive review of the relevant Pennsylvania authorities, and notwithstanding the possibility of divestment within the twenty year period, held that the interest to the children was clearly vested. It adopted the rationale of the decisions.

reviewed therein that the testator, by giving the immediate enjoyment of the principal by virtue of the present gift of the income, intended a present vested gift in the principal, with only payment postponed. On the basis of the general proposition recited above, the *Long* decision and its rationale, we hold the gift here to the named children of the testator of the income from the residue of the estate "and the principal at the end of thirty years" was an immediate vested gift of the principal. As such, it is not subject to the rule against perpetuities.

Moreover, the contention that the divesting interest held by the grandchildren or other residuaries violates the rule cannot be sustained. As each named child owned a one-fifth interest absolutely from the time of testator's death, it is the absolute interest which is divested. By necessity, each possible divestment in the thirty year period could only occur upon the death of a named child who qualifies as a life-in-being.

Appellants argue that the divesting interest taken by the grandchildren or other residuaries upon the death of a named child during the thirty year period is of the income only, while the gift of the principal is a separate interest, contingent upon the grandchildren or other residuaries surviving the thirty year term. Under their view, the divesting interest in the principal would be invalid since it would have been possible for all the named children to have died immediately after testator, leaving more than a twenty-one year period remaining before it could be determined which grandchildren would take. As support for their contention, appellants direct us to our decision in the case of *Linck v. Plankenhorn*, 286 Pa. 319, 133 Atl. 510 (1926). The clause in the *Linck* case, held violative of the rule against perpetuities, provided that the "rents, issues and profits" from certain properties should be given to four named children for a period

of thirty-five years. "At the determination of the said period of thirty-five years," if there were no living issue of the named children, then the four named children would take the properties, but if there were any living issue of any of the four named children, then the issue would take. It is sufficient for our purposes to point out the significant distinction between the will in the *Linck* case and the one before us now. In *Linck,* the gift of principal was necessarily a contingent future interest because the testator expressly required that the determination of who would be the taker of the principal could not be made until the expiration of thirty-five years. Here, however, no such contingency was spelled out. The children of John T. Mikaloff took an immediate vested interest in the principal subject only to the contingency of divestment. The operation of the divesting interest was in no way made dependent upon the expiration of the thirty year term—it was expressly to operate "in the event of the death" of the testator's children. And since the determination of who would take the named children's absolute interest by divestment is made at the death of a life-in-being, as mentioned above, the divesting interest satisfies the rule against perpetuities.

Decree affirmed at appellants' costs.

Mr. Justice BELL dissents on the ground that the disposition violates the rule against perpetuities.