Levi Schwartz's Estate.    Sarah Ann Schwartz's Appeal.

*Will—Power to partition estate—Vested estate.*

Where a testator devises all of his real estate to his wife for life with the power to divide and parcel out the same amongst his five sons, naming them, upon such conditions and terms as she shall deem best and right, the widow may allot a share of the real estate to a daughter of a deceased son.

*Will—Power of appointment—Jurisdiction.*

No decree can properly be made upon a conveyance by an executor or trustee under a power conferred by will, unless the aid of the court is required to supply some omission in the terms of the instrument creating the power.

Argued March 4, 1895.    Appeal, No. 98, July T., 1894, by Sarah Ann Schwartz, from decree of O. C. Berks Co., dismissing petition to confirm division and allotment of real estate. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for confirmation of division and allotment of real estate.

The petition of Sarah Ann Schwartz set forth that Levi Schwartz died on May 3, 1889, testate, leaving to survive him his widow and five sons, viz : Reuben Schwartz, Samuel Schwartz, Jonathan Schwartz, George Schwartz and Francis Schwartz, and children of a deceased daughter, Eliza, who was intermar-

ried with Edwin H. Trexler, and children of his daughter Mary, who is intermarried with Manoah S. Long. That by his last will and testament he devised all his real estate to his widow for life, with the power "to divide and parcel out the same amongst his five sons—Reuben, Samuel, Jonathan, George and Francis—upon such conditions and terms as she shall deem just and right." He bequeathed to Edwin H. Trexler (who was intermarried with his daughter Eliza) and his children born of his daughter Eliza $1,200, and to Manoah S. Long (who is intermarried with his daughter Mary) and his children born of his daughter Mary $1,200, which shall be paid by his widow out of its rents, issues and profits, if she can conveniently do so, in biennial payments of $1,200, without interest, and remain a lien on the real estate until the same is fully paid.

That Samuel Schwartz, one of the sons, died on June 8, 1893, testate, leaving to survive his widow, Ellen Schwartz, and a minor child, Bessie Eva Schwartz, of whose person and estate he appointed Charles D. Trexler guardian. Charles D. Trexler, however, refused to accept the trust, whereupon the court appointed the Pennsylvania Trust Company, of Reading, Pa., in his stead.

That Levi Schwartz died, seized in his demense as of fee of and in the following real estate, viz:

No. 1. A farm or plantation, containing 162 acres, which the petitioner valued at $12,325.

No. 2. A tract of woodland, containing 27 acres, which the petitioner valued at $800.

No. 3. A house and lot of ground, containing 5 acres, which the petitioner valued at $700.

No 4. A house and lot of ground, containing 1½ acres, which the petitioner valued at $500.

No. 5. A tract of woodland, containing 6 acres, which the petitioner valued at $150.

That the petitioner, by virtue of the power conferred upon her by the will of Levi Schwartz, deceased, has determined to divide and parcel out the said real estate among the five sons "upon such conditions and terms as to her seems just and right." That she allotted purparts Nos. 1 and 2 to George Schwartz, upon the condition that he pay annually to the widow, during her natural life, $200 (amended to $350) and fur-

nish her with certain quantities of grain and provisions, and pay within one year from April 1, 1894, the following sums of money, to wit:

1. The legacy of $1,200 bequeathed to Edwin H. Trexler and his children.

2. The legacy of $1,200 bequeathed to Manoah S. Long and his children.

3. The sum of $2,275 to Jonathan Schwartz.

4. The sum of $1,575 to Francis Schwartz.

5. The sum of $1,775 to Reuben Schwartz.

6. The sum of $1,500 to Bessie Eva Schwartz, the minor child of Samuel Schwartz, deceased.

That she allotted purpart No. 3 to Francis Schwartz; purpart No. 4 to Reuben Schwartz, and purpart No. 5 to George Schwartz, Reuben Schwartz, Francis Schwartz and Jonathan Schwartz, as tenants in common.

The prayer is that the allotments of the real estate, made as aforesaid, be ratified and confirmed, and that the same be adjudged to the sons respectively and to their heirs and assigns forever, upon the conditions, charges and stipulations above mentioned.

The answer set forth that Sarah Ann Schwartz has no power under the will of Levi Schwartz to allot the real estate in the manner and proportions as proposed by her; that valuation of the real estate made by her is unjust, unfair and inadequate, and that the whole proceeding is illegal and without warrant of law.

The court refused the prayer of the petition.   BLAND, P. J., filing an opinion which concluded as follows:

" My conclusions are:

" 1. That Sarah Ann Schwartz is clothed with power by the will of Levi Schwartz to divide and parcel out his real estate among his surviving sons, viz: Reuben Schwartz, George Schwartz, Jonathan Schwartz and Francis Schwartz, upon such conditions and terms as she shall deem right and just.

" 2. That Bessie Eva Schwartz is not a proper object of the power vested by the will of Levi Schwartz in Sarah Ann Schwartz, and the scheme of division submitted to the court which directs the payment of $1,500 to the Pennsylvania Trust Company is unlawful as in excess of the power.

"3. That a proper exercise of the power requires the allotment of land to each of the said surviving sons of Levi Schwartz, and that the correct mode of execution of the power is by a declaration in writing reciting the power, and assigning to the appointees respectively, by special description, the land intended to be allotted to each in the division made.

"The division proposed by the petitioner being in excess of her power, in giving a part of the valuation money of the land to Bessie Eva Schwartz, the prayer of the petition is refused."

*Error assigned* was above decree.

*D. Nicholas Schaeffer*, for appellant, cited: 2 Story's Eq. Jur., sec. 1062; Forsythe v. Forsythe, 108 Pa. 129; Dillon v. Falcoon, 158 Pa. 468; Hemhauser v. Decker, 38 N. J. Eq. 430; Hull v. Culver, 34 Conn. 403; 2 Washb. Real Prop. 313; 1 Sugden on Powers, 511; Graeff v. DeTurk, 44 Pa. 527; Russell v. Kennedy, 66 Pa. 248; 1 Perry on Trusts, sec. 250; Horwitz v. Norris, 49 Pa. 213; 4 Kent, 345; Swaby's App., 14 W. N. C. 554; Ingraham v. Meade, 3 Wallace, Jr. 32; Postlethwaite's App., 68 Pa. 478; Follweiler's App., 102 Pa. 581; McCune's App., 65 Pa. 450; Dyer v. Cornell, 4 Pa. 359; Pennell's App., 20 Pa. 515; 2 Washb. on Real Prop. 317; Bingham's App., 64 Pa. 345; 1 Story's Eq. Jur. sec. 255; 2 Pomeroy's Eq. Jur. sec. 920; Shank v. Dewitt, 44 Ohio, 237.

*Fitz Daniel Ermentrout*, for appellee, cited: Wickersham v. Savage, 58 Pa. 365; Fidelity Co.'s App., 4 W. N. C. 265; Pepper's App., 120 Pa. 235; Neilson's Est., 17 W. N. C. 158; 2 Jarman on Wills, 5th Am. ed. 704; Supplee's App., 16 W. N. C. 378; Horwitz v. Norris, 49 Pa. 216; Evans v. Knorr, 4 Rawle, 71; 2 Jarman on Wills, 5th Am. ed. 75; Graeff v. DeTurk, 44 Pa. 527; Russel v. Kennedy, 66 Pa. 248; 2 Washburn on Real Prop., 5th ed. vol. 2, p. 707; Tiedeman on Real Prop., secs. 566, 567; Stephenson v. Richardson, 88 Pa. 40.

OPINION BY MR. JUSTICE FELL, May 20, 1895:

We agree with the learned judge of the orphans' court that the will of Levi Schwartz conferred upon his widow, the petitioner in this case, power to divide and parcel out his real es-

tate among his five sons. We do not agree with him in the opinion that no division or allotment could be made by her to Sarah Ann Schwartz, the daughter of one of the sons who died after his father. The mother had a life estate with no testamentary power. The testator's object appears to have been to confer upon her the power, to be exercised at her discretion, to make partition. As a necessary incident of this power to divide upon terms and conditions to be fixed by her she could determine the purparts of each, the amounts to be paid as owelty, and the manner of payment. The gift to the sons, subject to the mother's life estate, is of a fee, the five taking as tenants in common. The power was to distribute and divide among those in whom the estate was vested, and its exercise could not divest an estate or reduce it from a fee to a life estate. Such a construction cannot be adopted in the absence of express words or necessary intendment, neither of which can be found in the will. Upon the death of one of the sons the remainder vested in him by his father's will descended to his daughter, and an apportionment to her was a proper exercise of the power.

Whether under the power to subject the shares to terms and conditions, she could determine the relative proportions of the shares and make an unequal distribution it is unnecessary to consider, as the whole proceeding was outside of the jurisdiction of the court, and any expression of opinion upon the subject would be a mere dictum. The question of jurisdiction was distinctly raised by the supplemental answer to the petition. There is no express grant of power to the orphans' court which will support the decree asked for, and it cannot be sustained as an incidental power. Even a court of general equity jurisdiction does not possess the power here invoked. No decree can properly be made upon a conveyance by an executor or trustee under a power conferred by will, unless the aid of the court is required to supply some omission in the terms of the instrument creating the power—as in the case of a sale under a will directing a conversion but not saying by whom it shall be made. In other cases the decree of the court would add nothing to the efficacy of the power if properly exercised, nor give it validity if improperly exercised. Here there is no trust; the power is a mere naked power, purely discretionary with the donee and not subject to the control of any court: Perry on Trusts,

sec. 248, et seq. Whether it has been properly exercised can be determined only when the question properly arises. If after the death of the life tenant proceedings in partition or eject-ment should be instituted no decree of the court made now would conclude the rights of the parties.

The order of the court denying the prayer of the petition is affirmed.