# Freeman's Estate (No. 2).

*Will—Power of appointment—Restriction as to class—Invalid appointment as to portion of estate.*

Where a testator gives his estate to a trustee to pay the income therefrom to his sons and daughters and "from and after the death of either of my sons or daughters and until the death of all of them to pay the income which he or she would, if living, have received to such person or persons of kin, to such son or daughter as he or she may by will have appointed, and in default of such appointment to the child or children of such son or daughter," and one of the sons on dying appoints among his own children, but makes an invalid appointment of a share of the income to a person not of the kin of his father, the void appointment will not invalidate the appointments to the children, and the amount of the income invalidly appointed will be divided equally among the son's children in accordance with the alternative contained in the will of the donor of the power.

Argued Dec. 14, 1908. Appeal, No. 99, Jan. T., 1908, by Helen Freeman Brewster, from decree of O. C. Phila. Co., Jan. T., 1881, No. 228, dismissing exceptions to adjudication in estate of Henry G. Freeman, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the report of Freeman's Estate (No. 1), *ante*, p. 31.

*Error assigned* was in dismissing exceptions to adjudication.

*John Marshall Gest*, for appellant.—In this argument we assume that the appointment made in favor of Mary Anne Williamson, the adopted daughter, is invalid, and the only question is, what is the effect of this invalidity upon the exercise of the appointment as a whole. We maintain with special reliance upon the decision in Rogers's Estate, decided by this court in 31 Pa. Superior Ct. 620, which was affirmed by the Supreme Court in 218 Pa. 431, that the appointment was

defectively exercised by James B. Freeman, and therefore the alternative provision in the will of Henry G. Freeman takes effect and the fund should have been equally awarded among James B. Freeman's actual children: Varrell v. Wendell, 20 N. H. 431; Stephenson v. Richardson, 88 Pa. 40; Hamilton v. Royse, 2 Sch. & Lef. 315.

*Joseph deF. Junkin*, for appellee.

OPINION BY PORTER, J., July 14, 1909:

The provisions of the will of Henry G. Freeman, deceased, as well as those of the will of James B. Freeman, the donee of a power of appointment under the former will, have been fully stated in the opinion disposing of the appeal of Mary Anne Williamson from this same decree of distribution, and it is not necessary that they should here be repeated.  We have in the appeal of Mary Anne Williamson affirmed the ruling of the court· below, holding that the appointment of eight-thirtieths of the income of the estate to Mary Anne Williamson by the will of James B. Freeman, was not within the power conferred by the will of Henry G. Freeman, and was, therefore, void. Helen Freeman Brewster, the appellant, is a daughter of James B. Freeman, to whom his will appointed three-thirtieths of his share of the income of the estate.  The court below sustained the appointments made by the will of James B. Freeman to and among his children, which aggregated twenty-two-thirtieths of his entire share of the income, and held the appointment to Mary Anne Williamson, an adopted daughter, of the remaining eight-thirtieths invalid and decreed that that part should be equally divided among all the surviving children of James B. Freeman, under the alternative bequest over, upon the failure of James B. Freeman to validly appoint, contained in the will of Henry G. Freeman.  The appellant contends that because the will of James B. Freeman appointed a part of the income to Mary Anne Williamson, who was not an object of the power, that the appointments of the several parts of the income to those who were objects of the power are thereby also made invalid; that all the appointments are void,

and that the entire income must be distributed under the alternative bequest in the will of the donor, equally among all the surviving children of James B. Freeman.

The power conferred by the will of Henry G. Freeman was restricted in one respect only; the appointee must be "of kin" to the appointer. The donee might appoint to one person within the class to the exclusion of all others; he was vested with a discretion to select as well as distribute. James B. Freeman was authorized to appoint to one of his children alone, to distribute the income among them in any proportions he saw fit, or to appoint to some collateral blood relative, to the exclusion of all his children. His discretion to dispose of the subject of the power was absolute, although the object or objects of the appointment must be a person or persons within a certain class. The power here involved is essentially different from that which was considered in Rogers's Estate, 31 Pa. Superior Ct. 620, and 218 Pa. 431; and the alternative bequest over in the will of the donor in the present case contains no such controlling provisions as were found in the will of Sarah Jane Rogers. The appellant asserts that because the appointment by the will of James B. Freeman was in part invalid that all the appointments made, even to persons who were proper objects of the power, must necessarily fall, and cites the decision in Rogers's estate as authority for that contention. That proposition can find no support in any proper consideration of the decision upon which the appellant relies. The appellant seems to have taken in the court below the same superficial view of the question considered in Rogers's estate, and we find in the opinion of the learned judge of the court below this language: "The report of Rogers's Estate, 218 Pa. 431, supposed to be in conflict with the authorities above referred to, is very meager and unsatisfactory. It does not give the details of the appointment to the relatives of the father of the donor, nor state the provisions of the donor's will as to the persons taking in default of appointment." We deem it here only fair to say, that for any faults found in that decision the blame should not be placed upon the reporter. The details of the appointment to the relatives of the father of the donor,

and the provisions of the donor's will as to the persons taking
in default of appointment are to be found accurately stated
in 31 Pa. Superior Ct. 631 and 632. Mrs. Rogers's will au-
thorized the donee, her husband, to appoint $4,000 to the
family of her mother "and the balance to her father's family
in such manner as he may think proper." The donee of the
power attempted to exercise it by appointing $4,500, in vary-
ing sums, to several members of the family of his wife's mother,
and appointed the balance of the residue, in varying sums, to
members of the family of his wife's father. The appointment
to the family of the wife's mother included a part of the estate
of the donor not included within that branch of the power;
the part thus appointed in excess of the power was not sep-
arable, and the whole appointment to the family of the wife's
mother was, therefore, bad. This court in disposing of the
question said: "The intention of the donor, with regard to the
power of appointment which she entrusted to her husband, is
to be gathered from her whole will. We do not say that had
the donee appointed to members of the family of the wife's
mother a sum less than $4,000, that such appointment would
not in itself be valid; it is not necessary to decide that question.
We are of opinion, however, that as between the authority to
appoint to the family of the wife's mother and the family of
her father, the power was not divisible. The authority of the
donee to appoint to the members of the family of the wife's
father was confined to 'the balance,' after appointing $4,000,
as authorized by the donor, to the family of the wife's mother.
The will of the donor clearly indicates that it was not her in-
tention that the donee should appoint to the members of her
father's family until the donee had made such an appointment
as her will authorized to the members of the family of her
mother. Had the donee expressly declined to appoint the
$4,000 to the family of the mother of the donor, he would not
have had authority to appoint the amount in excess of $4,000
to the family of the donor's father, for such an appointment
would have come directly in conflict with the alternative be-
quest over, by the donor, which provided that in case the
donee failed to make the disposition which she authorized.

certain designated members of her mother's family should receive in the aggregate $4,500." The decision in that case turned upon the language of the will of the donor. The intention of the donor, as gathered from the four corners of her will, was held to be that the donee should not appoint to members of the family of the father of the donor until he had first validly appointed $4,000 to members of the family of her mother. The donee had not made a valid appointment to members of the family of the mother of the donor, and to permit the part of the appointment made to members of the family of her father to stand would defeat the express provisions of her will. That case decided that a partial exercise of a power of appointment which would defeat the intention of a testatrix expressed in her will was invalid. The decision is in harmony with all the authorities upon the subject.

The will of Henry G. Freeman placed no restriction upon the number of shares into which the donees of the power might divide the income which was the subject of the power, nor upon the relative value which the shares should bear to each other, nor did it require that the income should be divided. The donees might select any one person within the class and appoint to that person exclusively. The alternative bequest over, upon failure to appoint, was to all the children equally. An appointment under this power of one-half of the income to one child, leaving the other half to be distributed under the alternative bequest over by the donor would not have been in contravention of the will, which authorized the respective donees to appoint the whole income in the very manner in which this partial appointment would cause it to be distributed. The appointment of a part of the income, leaving the other part to be disposed of in default of appointment, would be the same as if the donee had made the same disposition of the part not appointed as took place for default of appointment: Russell v. Kennedy, 66 Pa. 248. James B. Freeman appointed twenty-two-thirtieths of this income in the manner expressly authorized by the power. Had he failed to make any disposition of the other eight-thirtieths, the terms of the will of Henry G. Freeman would have been fully answered by equally

dividing those eight-thirtieths among the surviving children of James B. Freeman, under the alternative bequest over. When the power of the donee over the subject of the power is absolute and the appointment is to persons some of whom are objects of the power and others are not properly within the class, in such case the objects of the power take the shares given to them and the shares given to persons who are not objects go in default of appointment, unless such disposition would contravene the express provisions of the will of the donor: Gray on Perpetuities, sec. 538; Sugden on Powers (8th ed.), 507 and 526. The appointment to Mary Anne Williamson being invalid, that part of the estate is to be treated as if no appointment had been made, and the appointments made to the children who are properly objects of the power were by the court below properly sustained: Boyd's Estate, 199 Pa. 487.

The decree is affirmed and the appeal dismissed at cost of the appellant.