# Lewis's Estate.

*Wills—Power of appointment—Appointment to lineals—Intention of donor—Alternative remainders supported by an active trust—Trusts and trustees—Discretion within selected class.*

1. The applicability of the rules of law, relating to the exercise of a power of appointment, is not to be measured solely by the particular class in which its power may be conveniently placed, or wherein it may operate, but from a consideration of the intent and

purpose for which the power was created, and whether its exercise expressly or impliedly, violates the conditions laid down by the donor.

2. The donee of a power has the right to pass to succeeding appointees the power to further appoint.

3. Where a testator gives a life estate in certain income to his daughter with a power to appoint "to such person or persons, being my lineal descendents," as she may appoint by will "in such shares and amounts as she may choose," the power is lawfully exercised by the daughter by the creation, through trustees, of a life estate for her son in the same income, and by giving him a like power to appoint by his will, or, in default thereof, to his children.

4. Such testamentary power is not a special expression of trust and confidence, which is personal to the donee.

5. In such case the fact that a trust was imposed on the corpus during the lifetime of the son, did not defeat the appointment, though the power was restricted within a class.

Argued January 11, 1921. Appeals, Nos. 116 and 117, Jan. T., 1921, by Edward Conner, son of Camilla Lewis, deceased, from decrees of O. C. Phila. Co., April T., 1904, Nos. 420 and 421, dismissing exceptions to adjudications in estates of David Lewis, deceased, and Camilla Lewis, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudications of HENDERSON, J. Before LAMORELLE, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in both estates. Edward Conner, son of Camilla Lewis, appealed.

*Errors assigned,* inter alia, were decrees, quoting them.

*E. Spencer Miller,* for appellant.—A power to appoint to a class does not warrant a delegation of the discretion: Bohlen's Est., 75 Pa. 304; McMurtrie v. Pennsylvania Co., etc., 9 Phila. 529; Woddrop v. Weed, 154 Pa. 307.

A power of appointment directed to be exercised at a certain specified time, within a restricted class, must be exercised at the time prescribed by the donor, and, save where the power affords latitude, to members of the class as it existed at that time: Wickersham v. Savage, 58 Pa. 365; Pepper's App., 120 Pa. 235.

A power to appoint "shares and amounts" of a fund among a restricted class, does not authorize the erecting of uses and trusts: Horwitz v. Norris, 49 Pa. 213; Wickersham v. Savage, 58 Pa. 365; Smith's Est., 4 W. N. C. 265; Stephenson v. Richardson, 88 Pa. 40; Pepper's App., 120 Pa. 235; Schwartz's Est., 168 Pa. 204; Darling v. Edson, 4 Pa. Superior Ct. 498; Roger's Est., 218 Pa. 431; McClellan's Est., 221 Pa. 261.

*Otto Wolff, Jr.,* with him *Lewis, Adler & Laws,* for appellee.—The exercise of the power was proper: McClellan's Est., 221 Pa. 261; Whitman's Est., 248 Pa. 285; Ewalt v. Davenhill, 257 Pa. 385; Lockhart's Est., 49 Pa. C. C. R. 3; Kreb's Est., 184 Pa. 222; Hemphill's Est., 180 Pa. 95; Moore's Est., 198 Pa. 611.

OPINION BY MR. JUSTICE KEPHART, February 14, 1921:

David Lewis bequeathed, through trustees, to his daughter, Mary D. Conner, a life estate in certain income, with a power of appointment in the daughter "to such person or persons, being my lineal descendants, as my said deceased daughter may have appointed by her will, in such shares and amounts as she may choose and direct by such will." Mary, in the exercise of the power, created through trustees a life estate in the same income in her son Edward, giving him like power of appointment as he might direct in his will, "and in default thereof to such child or children as he may leave surviving him."

In determining whether a power of appointment is validly exercised, consideration must first be directed to the intention of the donor, as found in the instrument

creating the power. The applicability of the rules of law, relating to the exercise of the power of appointment, is not to be measured solely by the particular class in which the power may be conveniently placed or wherein it may operate, but from a consideration of the intent and purpose for which the power was created, and whether its exercise expressly or impliedly violates the conditions laid down by the donor. It must be remembered that a certain confidence, trust and discretion has been lodged in him who enjoys the power, and, as Judge PENROSE observes, "the principles relating to the execution of powers are simple and logical, and only such as are suggested by reason and the plainest dictates of common sense." The primary intent of testator was to confine the ultimate devolution of his estate to "lineal descendants." The person or persons, shares (estates) and amounts, were left to the daughter's discretion, so long as the benefits were confined within the selected class. It was not a devise to lineal descendants generally, but to such of them, and in such estates, as the daughter might limit and determine. That is, the estate so created must be within the limits of the power contained in the donor's will, and if it can pass within the terms of the power, all not disposed of may be referred to the donor's will as an execution of the power: Russell v. Kennedy, 66 Pa. 248; Freeman's Est., 40 Pa. Superior Ct. 41. The power did not specify immediate lineal descendants; if Mary devised the estate in such manner that it might ultimately vest in such heirs of the donor, it meets all the purposes of the founder's will. A lineal descendant was selected in the person of her son Edward, who was to receive the income for the period of his life, and at his death it would pass to his children, unless he directed otherwise in his will. This would apparently be a complete nomination within the power. The fact that a use and trust was imposed on the corpus during the life estate of Edward would not defeat the appointment, though the power was restricted within a class.

It was restricted to a class only; but, operating within the class, it was not only general but absolute. Therefore, a use and trust, so imposed, being within the limits of the authority and in the exercise of an absolute right within the class, was not in violation of the original founder's intention, and is moreover sustained by McClellan's Est., 221 Pa. 261.

It is urged the power to appoint within this class does not empower the donee to delegate the discretion thus reposed. A trust or power may be created wherein a special confidence is reposed in the judgment and discretion of the donee for special purposes, so that any delegation of such power would be invalid: 21 R. C. L. 790. But a testamentary power of disposition, such as appears here, is not a special expression of trust and confidence which is personal to the donee; nor is it a power limited to distribution among a restricted class to be selected by the donee. McClellan's Est., supra, expressly recognizes the right to pass to succeeding appointees the power to further appoint (Crooke v. Kings County, 97 N. Y. 421; Farwell on Powers, 356-362); and it is conceded it would exist if the power were general: Lawrence's Est., 136 Pa. 354. It was clearly within the discretion reposed in Mary which contemplated a further transmission. It was but the exercise by Mary of the absolute right within the class.

We are not called upon at this time to determine the validity of a supposed future exercise by Edward in contravention to the express terms of the foundation. We might say, as was said in McClellan's Estate, that the original language was written into each subsequent exercise of the power of appointment. It is not necessary for us to determine that question; nor do we think it necessary to determine the question of delegation of discretion, when, as we view it, Mary made a complete nomination by creating a trust estate, the income therefrom payable to her son for life with alternate remainders: (a) power to the son to appoint by his last will, or,

in default thereof (b) to his children. The latter conditional appointment was undoubtedly good, amply sustaining the life estate of the son, preventing any merger that might possibly occur had it been absent and the other alternate remainder invalid—this, without the necessity of referring to the grandfather's will to support the life estate.

We do not now determine that such remainder to the children should be the ultimate destination of this estate. That question may arise, as Edward subsequently acts; it can then be raised in an appropriate proceeding. We here determine the life estate of Edward in the income is sustained by the alternate remainders supported by an active trust, and that the power of appointment as made by Mary was a lawful exercise of her right.

The decree of the court below is affirmed, costs to be paid by appellant.