## Rafferty's Estate.

*Wills—Power of appointment—Income—Spendthrift trust.*

1. Where a son has, under his father's will, a power of appointment over a share of income payable to himself from a trust created by his father's will, he may by his own will direct that such equitable interest be made a part of the assets of his own estate, and subject to the payment of his debts.

2. Where a grandson, by his grandfather's will, is given a share of income from a trust created by such will, but no interest beyond the life of his own father, and the father under the grandfather's will is given power of appointment over the share of income so given to his son, the father may by his will dispose of the share of income previously paid to his son.

3. In such case, if the power given to the son was "to dispose of any estate of which he is entitled" under the will, he may by his will create for his own son a spendthrift trust of the share of income, with remainder over to the issue of his son, and, in default thereof, to the heirs at law of the appointor.

4. The scope of a testamentary power is to be determined from the words used, and the intention of the power conferred is to be determined by his whole will.

5. Under a general power to appoint an estate in fee, the donee may appoint a less or qualified estate in the property.

Argued September 30, 1924. Appeal, No. 109, Oct. T., 1924, by Gilbert S. Rafferty, grandson, from decree of O. C. Allegheny Co., Dec. T., 1923, No. 306, dismissing exceptions to adjudication in estate of Gilbert T. Rafferty, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of MITCHELL, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Gilbert S. Rafferty, grandson, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*D. C. Jennings,* for appellant.—The appointor's creditors have no equity: Com. v. Duffield, 12 Pa. 277, 280.

The power of appointment given to Oliver was a limited and not a general power, and the attempt to impose a trust upon a trust was without authority: Lawrence's Est., 136 Pa. 354; Lewis's Est., 269 Pa. 379;

McClellan's Est., 221 Pa. 261; Wickersham v. Savage, 58 Pa. 365.

*Watson B. Adair,* with him *John E. McCalmont,* for appellee, cited: McCord's Est., 276 Pa. 459; Penna. Co.'s Account, 264 Pa. 433; Lawrence's Est., 136 Pa. 354; Lewis's Est., 269 Pa. 379.

OPINION BY MR. JUSTICE SADLER, November 24, 1924:

Gilbert T. Rafferty, named hereafter as senior for convenience, died in 1917, leaving a last will and testament, which was duly probated. By the sixth paragraph, he directed that the residue of his estate should be held in trust for a period of twenty years, and made provision for the distribution of the income arising therefrom amongst his children, each receiving a one-seventh part thereof, except one son, whose share was given to the latter's wife for the purpose of investment, and to divide the income derived between herself, her husband, Oliver, and son, Gilbert, Jr. In paragraph seven, the testator provided for the contingency which might arise on the death of any of his children, or those interested under paragraph six, prior to the expiration of the trust.

On August 15, 1913, a codicil was executed changing the manner of disposition of the one-seventh of the residue of the income theretofore given in trust to the wife of Oliver, and in place thereof the testator provided that three-fifths of the income of a like portion should be paid to the husband, and two-fifths to the grandson, Gilbert, Jr., payments to the latter to be made only during the lifetime of the father, Oliver, unless he should by will direct otherwise. The power was given to him "to dispose, by will, of the two-fifths of one-seventh of the residue or surplus of the annual income of my estate by this codicil to my will directed to be paid to my said grandson, Gilbert [Jr.] during the lifetime of his father Oliver,......and also of the three-fifths of one-seventh

of said residue or surplus of said income, which I direct in this codicil to be paid to my said son Oliver W. Rafferty, to such person or persons as he may appoint." Further direction was given as to the transfer of the share of Gilbert, Jr., in the contingency of his dying during the lifetime of his father. By a subsequent paragraph, the provision for the disposition of the income during the trust period, in case of the death of one entitled to a share therein, was revoked in so far as the one-seventh share in question was concerned, and, at the same time, it was again directed that Oliver "shall have power by his will to dispose of any estate which he is entitled to under my will or this codicil thereto."

The question now before the court is the proper distribution of the income from the one-seventh portion of the trust created for twenty years, and made payable to the son and grandson under the codicil. Oliver died in the State of New York testate, leaving Gilbert, Jr., now of full age, to survive, and directed the payment of the decedent's just debts and funeral expenses from his estate. He bequeathed, with the exception of certain household goods, all remaining, including the interest which he might have in his father's estate, to two trustees, with direction to them to invest and pay in fixed shares the net income to his wife and Gilbert, Jr., and provided that, upon the death of the former, which has now taken place, the entire income should go to the trustees named for the benefit of his son.

An account of the executors of the will of Gilbert, Sr., was filed, and a distribution made of the income in their hands. As to the three-fifths share of the one-seventh given to Oliver by the codicil, the fund was awarded to the ancillary administrator of his estate for the payment of debts and funeral expenses, if necessary, such having been directed by his will, by which the power of appointment granted to him was exercised, and, as to the remaining two-fifths, the award was to the testamentary trustees, whom he had designated. Exception to this dis-

position of the fund was made by Gilbert, Jr., on the ground that as to the share under the grandfather's will held for Oliver no estate in the trust fund had vested, though a power of appointment was given, as noted, and the right to receive this portion of the income terminated with his death during the trust period. With this we cannot agree, and are of the opinion that Oliver had an equitable estate, which passed to his appointees.

It will be noted that, in the will,—supplanted in all respects, in so far as the one-seventh share here involved is concerned except as to the trust for twenty years,— provision was made for the disposal of the income of any child dying before that period had elapsed. This direction did not apply to the share given by the codicil which took the place of the original testament. The former expressly provided that the portion to which Oliver would have been entitled, if living, should pass by his act, in lieu of the arrangement for distribution made in such case for the other children by paragraph seven. Oliver did dispose of this, as permitted, giving the same to testamentary trustees, subject to the payment of debts and funeral expenses, though he could have provided otherwise. The donee of the power could direct that his equitable interest be made part of the assets of his estate, and subjected to the payment of the appointor's debts. The fact that he did so direct renders necessary distribution of his share of the income to the ancillary administrator: McCord's Est., 276 Pa. 459; Penna. Company's Acct., 264 Pa. 433.

Further, it is complained that the fund, derived from the two-fifths of one-seventh given by the codicil to Gilbert, Jr., was awarded to the testamentary trustees under the will of Oliver. It is to be noted that the grandson had no interest beyond the life of his father. Thereafter the property was subject to the disposition made by the latter, which power could be validly executed by a will (South's Estate, 248 Pa. 165; Penna. Company's Acct., supra), and, therefore, the parties named therein

as testamentary trustees are entitled to the income from this portion, if the power of appointment was legally exercised.

It is insisted by counsel for appellant that the wording of the codicil to the will of Gilbert, Sr., indicates that only a limited right of disposal was given to the donee, and that the attempt to create a spendthrift trust with remainder over to the issue of the son, and in default thereof to the heirs at law of the appointor, is invalid. The scope of the power conferred is to be determined from the words used, and the intention of the testator as evidenced by his whole will: Bailey's Est., 276 Pa. 147. If an examination leads to the conclusion that the disposition made by the donee does not violate in any way conditions imposed by the donor, the directions given by the donee will be upheld. "It is well settled law that, under a general power to appoint an estate in fee, the donee may appoint a lesser or qualified estate in the property......This is held upon the principle that the lesser is included in the greater......Accordingly under a power to appoint a fee the donee may appoint a life estate with a power to appoint a fee...... The donee of an absolute power also may appoint a trust estate": 21 R. C. L. 804. "Whether or not the donee of a power of appointment may appoint a limited estate is dependent upon the true construction of the instrument creating the power. The general rule is that where a power to appoint the fee is given without positive restriction, or if the power is general, or is limited as to the objects only, a limited or qualified estate may be appointed": 31 Cyc. 1068.

So, in the absence of a general restriction, and none appears in the instant case, a life estate may be given with remainder over to charities (Lawrence's Est., 136 Pa. 354), or the second donee may be given a life estate with the power to appoint (Lewis's Est., 269 Pa. 379; McClellan's Est., 221 Pa. 261), and the right to name one does not deprive of the right to give to the person

entitled to take under the intestate laws from the one designated: Schwartz's Est., 168 Pa. 204. The provision for a limitation over, upon failure to exercise a power granted, does not invalidate the gift made: Hollinshead's Est., 273 Pa. 573.

Where the appointor is limited to a certain class, any attempt to dispose of the estate to others than those specifically designated will be held unenforceable (Horwitz v. Norris, 49 Pa. 213; Pepper's Est., 120 Pa. 235), and if there is a limitation to one only of a class, an appointment cannot be made of a life estate with remainder to those whom the appointee may choose, since the first named is entitled to the fee: Wickersham v. Savage, 58 Pa. 365. Even in such case a trust may be created for life, though the estate over would be void, and to that extent there would be a default of appointment: Johnson's Est., 276 Pa. 291. Likewise, where the power is merely to divide and distribute amongst those named, trusts for their benefit cannot be imposed: Smith's Est., 4 W. N. C. 265. However, unless from the language used it appears that some condition limiting the manner of the disposition has been fixed, the donee may establish a less estate than a fee, and no restriction is disclosed by the language creating the power in this case.

It follows from what has been said that the ancillary administrator is entitled to the share of the income payable under the trust fund for Oliver's life, to be used primarily for the payment of his debts; and the share of the income from the same fund originally payable to Gilbert, Jr., being limited to the term of his father's life, must pass as directed by testator's will to the testamentary trustees, since the act of the donor was within the power conferred by the codicil to the will of Gilbert, Sr. The fund in the court below was correctly distributed, and the decree entered must be sustained.

The decree is affirmed at the costs of appellant.