# Hays's Estate.

*Wills—Power of appointment—Exercise of power.*

1. Where the distribution directed to be made by the donee of a power is legal, and is within the purview of the authority vested in him, it must be carried into effect.

*Wills—Power of appointment—Power to create trusts—Spendthrift trusts—Exercise of power—Income—Principal—Partial invalidity of exercise.*

2. Where the donor of a power authorizes the donee, in general language, to create such trusts regarding the shares of the particular appointees as he may desire, he may subject those gifts to spendthrift trusts.

3. When the donee acts in conformity with the power given him, it is, in legal effect, the donor's act, and is as binding as if done by the donor himself.

4. Where a donee, in the exercise of the power given to him, directs a distribution, part of which is good and part bad, the former will be carried into effect, unless it is so bound up with the latter as to render the entire plan invalid.

5. Where, under such circumstances, the distribution of the income of the donor's estate is good, but that of the principal is bad, the plan as to the income will be sustained, for so long a time as may be necessary to give effect to the donee's intent in regard thereto.

6. Though the gift of the income is upon spendthrift trusts in favor of the same persons as have an absolute estate in the principal, the trust will be sustained in order to carry into effect the spendthrift provision.

Argued December 6, 1926.   Before MOSCHZISKER, C. J., SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 290-93, Jan. T., 1926, by Elizabeth Elliott Sinclair, George Wood Hays, Sarah Minis Goodrich and Annie Bradford Hays, children of testatrix, from decree of O. C. Phila. Co., July T., 1925, No. 2249, dismissing exceptions to adjudication in estate of Emma Wood Hays, deceased.   Affirmed.

Exceptions to adjudication of VAN DUSEN, J.   See 7 Pa. D. & C. 567.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by THOMPSON, J., HENDERSON, J., dissenting.

Elizabeth Elliott Sinclair, George Wood Hays, Sarah Minis Goodrich and Annie Bradford Hays, children of testatrix, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Joseph Carson,* for appellants.—The spendthrift trust here has two marked weaknesses: (1) It is incorporated in the exercise of a very narrow power—(a) by the donee of that power, over another estate, and (b) by doubtful reference only, and (2) It is imposed on the donor's property—property the donee of the power never owned and could not own. It is therefore invalid: Horwitz v. Norris, 49 Pa. 213; Johnson's Est., 276 Pa. 291; Keyser's App., 57 Pa. 236; Hahn v. Hutchinson, 159 Pa. 133; Breinig v. Smith, 267 Pa. 207; Pepper's App., 120 Pa. 235; Bryce's Est., 238 Pa. 519.

*Hampton L. Carson,* for appellee, cited: Wallace v. Harmstead, 44 Pa. 492; Kuhn v. Newman, 26 Pa. 227; Earp's App., 75 Pa. 119; Gillespie's Est., 273 Pa. 227.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1927:

By the will of Emma Wood Hays she gave her estate to her husband for life, "And upon the death of my said husband I direct that my said estate and all the investments of the same, shall be distributed among such of my children as may then be living and the issue of such of them as may then be dead, in such shares and upon such trusts as my said husband may by his last will and testament direct. But if my said husband die without having made such testamentary disposition then I direct that my said residuary estate shall be distributed in equal shares among such of my children as may then be living and the issue of such of them as may then be dead; such issue nevertheless taking and dividing equally among themselves such share only as his, her or their parent or parents would have taken if living at the time of death of my said husband." This, of course, limited his power of appointment to testatrix's descendants, between whom, however, he could parcel the estate, and declare trusts as to the individual shares, in such way as to him seemed best. There being no limitation as to the

character of such trusts, spendthrift trusts were, of course, included among them.

Her husband survived her, and in separate paragraphs of his will, he attempted to distribute both his and her property, the latter distribution being expressly declared to be because of the power of appointment above set forth. Regarding the principal of her estate, it need only be said, that, as to it, he exceeded the power given to him; hence the corpus, subject to such of the provisions regarding income as are found to be valid, became the absolute property of testatrix's four children, all of whom survived both their parents.

As to the distribution of the income, after making certain provisions for the benefit of his unmarried and widowed daughters, in the use of a specified property, or its proceeds, if sold, he said: "Subject to the foregoing provisions, I direct my said executors and trustees and their successors in the trust as to the clear net income arising from my wife's estate......to observe and adhere to the following directions:

"Monthly, to divide and pay over the clear net income derived from my wife's estate in precise conformity to the plan of distribution as to income from my own estate as hereinbefore stated."

Turning then to the previous part of the will, we find that the donee of the power directed his own estate to be held in trust by his executors and trustees "To collect the income, interest and dividends therefrom arising and monthly to divide and pay over the amounts in hand in equal shares to such of my children as may then be living and the issue of such of them as may then be dead, such issue taking and dividing equally among themselves such share only as his, her or their parent or parents would have taken if living at the time of my death, for and during the full period of the respective lives of such children and their issue,—the share of income of any child or grandchild dying childless to go to and be divided among the survivors of the class until the death of

the last survivor; subject, however, so far as the participation of a grandchild or grandchildren are concerned, to the right and power of the parent by last will and testament to direct, limit and appoint the share or portion of income which shall be enjoyed by each grandchild or his or her issue; and in default of such appointment or limitation the distribution of income is to be equal among such grandchildren or their issue, per stirpes and not per capita.......

"I direct that all payments of income shall be made by my trustees, and their successors in the trust, into the hands of the life beneficiaries or their duly authorized representatives free and discharged from all claims of creditors and without any right of assignment or anticipation whatever."

At the audit, testatrix's four children contended: (a) that the plan of distribution above set forth was not intended to provide for spendthrift trusts, so far as respects the income from their mother's estate; (b) that if this be not so, then, in providing therefor, their father exceeded the power given by his wife's will; and (c) in any event his paramount purpose was to carry into effect the illegal plan set forth in his proposed distribution of the principal, and that the two were so bound together that his attempted appointment must fail in its entirety. They therefore asked the court below to decree the entire estate to them absolutely, on the theory that, as a class, they alone were entitled to both the income and the principal in remainder, and hence, acting together, as they were, they had the right to have the trust ended and the property transferred to them. Because the court below refused to so decree, each of the children prosecuted one of the present appeals.

We have been favored with a learned argument on each of the above points, but fail to see that there is any doubt touching their proper solution. As to the first, it is difficult to understand how there can be a "precise conformity to the plan of distribution as to income" of

the donee's own estate, unless we consider that plan in its entirety, including the spendthrift trust provision. There is no force in the contention that, since the latter is in a separate paragraph from the one indicating the shares the distributees were to receive, the former must be rejected. It is an integral part of the plan, and is legal; hence it must be carried into effect: Lewis's Est., 269 Pa. 379, 381.

The second of the above contentions is the one upon which appellants seem to pin their hopes; but it, too, is unavailing. If the donor's will had been silent on the subject, the claim that Pepper's App., 120 Pa. 235, was controlling, would be entitled to much consideration. But it is not silent. The donor of the power in the present case, expressly provided that distribution should be made "in such shares and *upon such trusts,* as my said husband may by his last will and testament direct." Appellants admit that if the donor had herself directed the creation of such trusts, they would have been valid, because the property was hers, and such trusts are valid in this State. For like reasons, however, she could authorize her donee to create them, and he, having done so under that authority, it is her act, performed by another for her, and is equally binding. Although the exact question here was not at issue in Rafferty's Est., 281 Pa. 325, a cognate one was; the relevant authorities bearing on the entire subject were cited and considered, and the same conclusion was reached as that above set forth. This obviates the necessity for further review of those authorities.

Appellant's final contention, citing Johnston's Est., 185 Pa. 179, and kindred cases, is that the donee's paramount purpose was the illegal one regarding the principal of the estate, and, the distribution of the income being inseparably connected therewith, the whole plan must be declared invalid. Here, however, there is no connection whatever between the distribution of the income and that of the principal, except, as must always

be the case, that the latter is postponed until the trust as to the former is ended. It is clear, however, that the provision as to distribution of the income can readily stand alone, undisturbed and unaffected by the striking down of the invalid provision as to the principal; hence it must be sustained: Lawrence's Est., 136 Pa. 354; Whitman's Est., 248 Pa. 285; Jones's Trust Est., 284 Pa. 90; Ledwith v. Hurst, 284 Pa. 94. The suggestion that the spendthrift trust should be declared invalid, because, notwithstanding it, creditors could sell the distributees' estate in remainder, has no weight. If they did the spendthrift trust provision would continue to insure to the children the income during their lives, and this is exactly the purpose for which such a trust is created.

The decree of the court below is affirmed and each of these appeals is dismissed at the cost of the appellant therein.