Wharton's Estate.

*Taylor, Robey, Hoar & Nicholson,* for exceptants.

LAMORELLE, P. J., February 27, 1931.—Where the donee of a general power of appointment by will appoints to those who for want of appointment or for failure to make a valid appointment would take a fee, does the fact that the appointment is of an equitable life estate, with spendthrift clause, make void the appointment and empower the remaindermen to terminate the trust? This is the one important question raised by the exceptant, and it has been answered in the negative by the Auditing Judge.

It is claimed by the exceptant that the appointment transgresses the rule against perpetuities, but neither the oral nor the written argument convince

us that this rule has any bearing on the real question, which question is, as we understand it, the validity of the exercise of the power; that is to say, whether the "spendthrift" clause feature may be entirely disregarded.

When, in 1916, the late Judge Anderson audited the account of the executors, he upheld this trust as not transgressive of the rule against perpetuities. In so doing he necessarily decided that there could be no coalescence of the equitable estate with the legal estate, because of the spendthrift clause contained in the trust.

The law on this matter is so well settled that at this late day citation of authority would seem unnecessary, especially as none of the many cases relied upon by the exceptant are helpful to his contention.

Our ruling in Moore's Estate, 198 Pa. 611, upheld in a *per curiam* opinion, has never been questioned, reversed nor even criticised. In this case testator created three spendthrift trusts, one for each of three sons for life, with remainder on the death of the survivor to certain persons in trust, to found and maintain such charitable and educational institution or institutions as they, in their discretion, might deem proper, wise and expedient. Testator died within a calendar month of the making of the will. The devises and bequests over thereupon fell, and the sons sought to terminate the trusts. Said Judge Penrose, at page 612: "It is a principle so familiar as scarcely to require reference to authority, that where two estates meet, merger will not be permitted if the purposes of the creation of one of them require that they should remain distinct. . . . An equitable life estate will not coalesce with a legal remainder to the heirs of the first taker and thus cause a trust to protect from creditors to fail (Rife *v.* Geyer, 59 Pa. 395) any more than it will for the purpose of giving to the equitable tenant for life the power to dispose of the estate. . . . A remainder in fee in the cestui que trust for life differs in no respect from a remainder to his heirs. When the purposes of a valid trust require the legal estate to remain in the trustee, no act of the cestui que trust, or no operation of law can take it from him."

We assume for the purposes of this discussion that the present *cestui que trustent* are entitled in remainder; the above cited case is decisive of the fact that there is no merger and that they are not now entitled to terminate the trust; we do not decide that they are the remaindermen; we are not now required to do so: Jones's Trust Estate, 284 Pa. 90; Ledwith *v.* Hurst, 284 Pa. 94.

Of course, where there is a special power given the donee, for instance, one to appoint to his child or children, which child or children would, on failure to exercise the power, be entitled to the fee, the donee may not so encumber the appointed estate as to deprive the remaindermen under the will of the donor from their inheritance; but that is not this case, although counsel seems to think that it is; he bases his argument on that condition of affairs, and, yet, in his brief, admits that Judge Anderson was entirely right in upholding the trust.

Forrest's Estate, 8 D. & C. 461, wherein are recited Pepper's Appeal, 120 Pa. 235; Wickersham *v.* Savage, 58 Pa. 365, and Johnson's Estate, 276 Pa. 291, are cases in point showing when the heir may not be deprived of his inheritance. Rafferty's Estate, 281 Pa. 325, Camilla Lewis's Estate, 29 Dist. R. 796, and David Lewis's Estate, 29 Dist. R. 798, and 269 Pa. 379, are cases similar to the one now before us and illustrative of the principles laid down in this instant case.

In the circumstances, it is unnecessary to determine whether Judge Anderson's adjudication is *res adjudicata* or not. Suffice it to say, it was correct,

and, therefore, may not be attacked either directly or collaterally in an endeavor to terminate the trust. The authorities, pro and con, showing when and under what circumstances an adjudication is *res adjudicata*, are referred to and discussed at length in Kellerman's Estate, 242 Pa. 3, and in Gould's Estate, 270 Pa. 535.

The facts in the instant case, none of them in dispute, are set forth at length by the Auditing Judge, and no good purpose is served by their repetition, as his adjudication is part of the record.

Accordingly, all exceptions are dismissed and the adjudication is confirmed absolutely.