## Bracken Estate (No. 1)

*J. Ernest Nachod*, for accountant.

*H. Lyle Houpt* and *David Groshens*, for claimants.

TAXIS, P. J., November 9, 1956.—Marie A. Bracken died on January 9, 1948, leaving a will dated October 31, 1947, in which she bequeathed certain pecuniary legacies, gave a life estate to Thomas V. Bracken in certain real estate and placed residue in trust, from which Thomas V. Bracken was to receive income from one half thereof. If income did not equal the sum of $2,000, then principal was to be used to make up the sum of $2,000 annually.

Paragraph tenth of Marie A. Bracken's will provided:

"Upon the death of my son, Thomas V. Bracken, I direct that the principal, plus any accrued income, remaining in trust for said son, Thomas, *shall be paid*

*over absolutely* unto such one or more of his children *and their issue*, in such amounts as he, by his last will and testament shall direct and appoint, and in default of appointment, then said corpus, plus any accrued income so remaining shall be paid over absolutely in equal shares to his children living at the time of his death, and to the issue of such of them as shall have died leaving issue them and my son surviving, per stirpes and not per capita." (Italics supplied.)

Thomas V. Bracken died on November 12, 1955, survived by his widow, Ruth Bracken, and three children, Dorothy S. Smith, Helen Cash and Shirley Morrow.

Item second of Thomas V. Bracken's will provided:

"In the exercise of the power of appointment given me under the will of my mother, Marie A. Bracken, I give, devise and bequeath all property and estate over which I have said power of appointment under said will (intending herein not to blend the appointed property with my individual property) unto the Norristown Penn Trust Company of Norristown, Pennsylvania, in trust, nevertheless, . . . to pay over the net income unto my daughter, Dorothy S. Smith, in quarterly or other convenient payments, for and during the term of her natural life. In the event that said net income shall not equal Two Thousand Dollars ($2,000) per year, for any year following the date of my death, then I direct that there shall be paid to her out of principal, a sum sufficient to make up said sum of Two Thousand ($2,000) Dollars, at the end of any such year; or my trustee may, if requested by my daughter or if it deems it advisable, estimate the net income to be earned during the year succeeding its estimate, and make quarterly or other convenient payments based on such estimate, to be adjusted to the final figure of $2,000.00 at the last payment. Should such method result in my daughter, Dorothy, having received more than the

actual earned net income up to the time of her death, my trustee shall in no wise be held accountable for such consumption of principal."

The question is whether Thomas V. Bracken effectively exercised the special power of appointment given to him by the will of his mother, Marie A. Bracken, or, stated differently, whether the language of the donor's will forbade the exercise of the power by the donee creating a trust of the appointed property. "In determining whether a power of appointment is validly exercised, consideration must first be directed to the intention of the donor, as found in the instrument creating the power. The applicability of the rules of law, relating to the exercise of the power of appointment, is not to be measured solely by the particular class in which the power may be conveniently placed or wherein it may operate, but from a consideration of the intent and purpose for which the power was created, and whether its exercise expressly or impliedly violates the conditions laid down by the donor": Lewis' Estate, 269 Pa. 379, 381. Precedents are to be perused critically in the light of the language of the wills under consideration.

Initially, the meaning of the adverb "absolutely" must be considered. Marie A. Bracken made absolute gifts of personalty without resort to the use of the adjective "absolute" or the adverb "absolutely". Following these paragraphs testatrix provided for life estates in two parcels of real estate and in paragraph seventh created trusts for her two sons. She then came to write paragraph ten in which she used the words "shall be paid over *absolutely* to such one or more of his children and their issue". A reading of the will discloses that testatrix knew the nature of an outright or absolute gift and that she knew that a trust estate required trustees and beneficiaries. It would seem therefore that the above quoted phrase in para-

graph tenth was written with care and with a clear understanding of the nature of the estates which she wished created.

Webster's New International Dictionary, 2d Ed., defines "absolute" as follows: "Free from limit, restriction, or qualification" and the adverb "absolutely" as: "In an absolute manner or condition; independently or unconditionally; wholly; positively."

The word "absolutely" is frequently employed in wills to distinguish outright gifts from those in trust, usually upon the termination of prior interests which were held in trust.

In parsing the phrase "shall be paid over absolutely" the adverb "absolutely" obviously modifies the words "shall be paid over". The donor of the power said that the principal shall be paid over free from limit, restriction or qualification to one or more of the children. Testatrix' language is precise and free from doubt that she did not consider a gift in trust as being paid over "absolutely".

Testatrix' intent as gleaned from her will discloses that she barred the donees' appointing to trustees for a member of the class. I conclude therefore that Thomas V. Bracken's exercise of the power of appointment given to him by his mother, Marie A. Bracken, was ineffective.

The rule may be stated as follows: Where power is conferred upon the donee simply to appoint to or among the members of a class, he cannot, in the absence of a clear intent, make an effective appointment to trustees for one or more members of the class. See Wickersham v. Savage, 58 Pa. 365; Johnson's Estate, 276 Pa. 291. Cf. Scott on Trusts, 2d Ed., pp. 168 to 170.

In default of appointment principal is to be divided among and is awarded to Dorothy S. Smith, Helen Cash and Shirley Morrow in one-third shares. . . .

And now, November 9, 1956, this adjudication is confirmed nisi.